UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM BLAIR,                          Case No. 1:20-cv-751

    Plaintiff,

                                                McFarland, J.
    vs.                                             Bowman, M.J.

JOHN HOOVER, et. al.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Southern Ohio Correctional Facility, has filed a pro se civil rights complaint, which the Court construes as filed pursuant to 42 U.S.C. § 1983 against Detective John Hoover, Correction Officer Danny Gibson, Sargent Tim Riggs, Judge Gregory Howard, Prosecutor Ashley Bretland, Prosecuting Attorney Brad Buress, Prosecuting Attorney Nicole Salinas, Judge Keith Spaeth, and Probation Officer Erika McWhorter. Plaintiff alleges that defendants violated his constitutional rights during his booking and arrest in Butler County, Ohio in 2013 and 2014. (Doc. 1 at 4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying

litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that during his booking into the Middletown City jail, Defendants Gibson, Hoover and Riggs attached Plaintiff without provocation. Plaintiff further alleges that he was kicked and tased. (Doc. 1 at 5). Plaintiff further contends, *inter alia,* that during his preliminary hearing in Middletown Municipal Court Judge Howard knowingly allowed and accepted false evidence from Prosecutor Ashley Bretland. Plaintiff contends that during his trial in Butler County Common Pleas Court

Judge Keith Spaeth allowed and accepted illegal evidence related to his juvenile record. Plaintiff asserts that the events giving rise to his claims occurred between January 29, 2013 and January 13, 2014. (Doc. 1 at 4). For relief, Plaintiff seeks attorney fees and compensatory and punitive damages.

Under relevant screening standards, plaintiff's complaint should be dismissed with prejudice in its entirety as barred by the statute of limitations. Plaintiff's complaint is governed by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Although the statute of limitations is normally an affirmative defense raised by defendants in an answer, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

"[T]he accrual of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th

Cir. 2007). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Here, the conduct underlying Plaintiff's claims occurred between January 2013 and January 2014. (*See* Doc. 1-1, at PageID 18). Plaintiff, however, did not file his complaint until over six years after the events giving rise to his claims. At least four years after the statute of limitations had run out. Accordingly, Plaintiff's claims are time-barred and the complaint should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WILLIAM BLAIR,

    Plaintiff,

vs.

JOHN HOOVER, et. al.,

    Defendants.

Case No. 1:20-cv-751

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).